IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| ARTICON HOTEL SERVICES LLC ) | |
| ) | |
|  Plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | |
| CATLIN SPECIALTY INSURANCE ) | |
| COMPANY and STARSTONE NATIONAL ) | |
| INSURANCE COMPANY ) | |
| ) | |
| ) | |
| ) | |
|  Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes plaintiff, Articon Hotel Services LLC ("Articon") by and through its attorneys, Donovan Rose Nester, P.C., and for its Complaint for Declaratory Judgment against Catlin Specialty Insurance Company ("Catlin"), states as follows:

### COUNT I
### (Declaratory Judgment – Catlin Specialty Insurance Company)

Now comes plaintiff, Articon, by and though its attorneys, Donovan Rose Nester, P.C., and for Count I of its Complaint for Declaratory Judgment directed to Catlin, states as follows:

1. Plaintiff, Articon, is an Illinois limited liability corporation.

2. Defendant, Catlin, is a Delaware Corporation.

3. Defendant, Catlin, at all times herein, was in the business of writing liability insurance and other types of insurance in the State of Illinois.

4. Defendant Baldwin Enterprises, Inc. ("Baldwin"), is a Delaware Corporation.

5. On January 17, 2018, Baldwin filed a Complaint in Jefferson County, Illinois, cause number 2017-L-28, asserting a cause of action for Slander of Title against Articon. A copy of said Complaint is attached and incorporated herein as Exhibit A.

6. In said Complaint, Baldwin alleged that Articon recorded a Mechanics Lien on or about March 24, 2017, against Baldwin's property located at 222 Potomac Boulevard, Mt. Vernon, Illinois (the "Property") related to a construction contract previously entered into between Articon and Baldwin regarding said Property.

7. Baldwin alleged in said Complaint that Articon had filed said Mechanics Lien with "reckless disregard of the truth or falsity of the publication." *Exhibit A*, Paragraph 94.

8. Catlin issued policies of insurance identifying Articon a named insured, policy numbers 3700600484 and 3700600953CAG 3 911 719 (collectively the "Policy"). The Policy had an effective period of September 15, 2016 to September 15, 201, was renewed, and remained in effect until at least September 15, 2018. A copy of the Policy is attached and incorporated herein as Exhibit B.

9. The Policy is an Occurrence-based Policy.

10. The Policy includes Commercial General Liability ("CGL") with a per-occurrence limit of liability of $1,000,000 and an aggregate limit of $2,000,000.

11. The facts which give rise to this Complaint for Declaratory Judgment relate to alleged events which transpired within the Policy period.

12. This Court has jurisdiction pursuant to Section 2-701 of the Illinois Code of Civil Procedure.

13. Venue is proper in St. Clair County pursuant to Section 5/2-103 of the Illinois Code of Civil Procedure.

14. Articon timely tendered the Baldwin Complaint to Catlin for defense and indemnity under the Policy.

15. Catlin was and remains obligated to furnish coverage to Articon under the Policy.

16. Catlin has refused to furnish coverage under the Policy and has denied both its duty to defend and the duty to indemnify.

17. An actual controversy exists between Articon and Catlin, and by the terms and provisions of Section 2-701 of the Illinois Code of Civil Procedure, this Court is vested with the power to declare the rights and liabilities of the parties and to give such further relief as may be necessary.

WHEREFORE, plaintiff, Articon, prays that his Court declare the rights of the parties herein:

A. That this Court determine and adjudicate the rights and liabilities of the parties with respect to the Policy issued by Catlin.

B. Find and declare that Catlin owes a duty under the Policy to defend Articon in the Baldwin action;

C. Find and declare that Catlin owes a duty under the Policy to indemnify Articon for any settlement or judgment of the claims made by the plaintiff in the Baldwin action; and,

D. That this Court grant to Articon its attorney's fees and costs incurred, and such other relief this Court deems appropriate.

## COUNT II
### (Declaratory Judgment – StarStone National Insurance Company)

Now comes plaintiff, Articon, by and though its attorneys, Donovan Rose Nester, P.C., and for Count II of its Complaint for Declaratory Judgment directed to StarStone National Insurance Company ("StarStone") states as follows:

18. Articon realleges and reasserts paragraphs 1 – 18 of its Complaint for Declaratory Judgment as if fully set forth herein.

19. StarStone issued policies of umbrella and/or excess insurance identifying Articon a named insured, policy numbers 80864U160ALI and 87831J151ALI (collectively the "StarStone

Policy'). The Policy had an effective period of September 15, 2016 to September 15, 201, was renewed, and remained in effect until at least September 15, 2018. A copy of the StarStone Policy is attached and incorporated herein as Exhibit B.

20. The Policy is an Occurrence-based Policy.

21. The Policy includes Commercial General Liability ("CGL") with a per-occurrence limit of liability of $5,000,000 and an aggregate limit of $5,000,000.

22. The facts which give rise to this Complaint for Declaratory Judgment relate to alleged events which transpired within the Policy period.

23. Articon timely tendered the Baldwin Complaint to StarStone for defense and indemnity under the StarStone Policy.

24. StarStone was and remains obligated to furnish coverage to Articon under the StarStone Policy.

25. StarStone has refused to furnish coverage under the StarStone Policy and has denied both its duty to defend and the duty to indemnify.

26. An actual controversy exists between Articon and StarStone, and by the terms and provisions of Section 2-701 of the Illinois Code of Civil Procedure, this Court is vested with the power to declare the rights and liabilities of the parties and to give such further relief as may be necessary.

WHEREFORE, plaintiff, Articon, prays that his Court declare the rights of the parties herein:

A. That this Court determine and adjudicate the rights and liabilities of the parties with respect to Policy issued by StarStone.

B. Find and declare that StarStone owes a duty under the Policy to defend Articon in the Baldwin action;

C.      Find and declare that StarStone owes a duty under the Policy to indemnify Articon for any settlement or judgment of the claims made by the plaintiff in the Baldwin action; and,

D.      That this Court grant to Articon its attorney's fees and costs incurred, and such other relief this Court deems appropriate.

## COUNT III
### (Baldwin Enterprises, Inc.)

Now comes plaintiff, Articon, by and though its attorneys, Donovan Rose Nester, P.C., and for Count III of its Complaint for Declaratory Judgment directed to Baldwin, states as follows:

23.      Articon realleges and reasserts paragraphs 1 – 26 of its Complaint for Declaratory Judgment as if fully set forth herein.

24.      Baldwin is a plaintiff in the litigation which brings rise to this Complaint for Declaratory Judgment.

25.      Baldwin has an interest in the outcome of this declaratory judgment proceeding and is a necessary party.

WHEREFORE, plaintiff, Articon, prays that his Court declare the rights of the parties set forth in Counts I and II herein.

BY_____
MICHAEL J. NESTER, #02037211
SEAN K. CRONIN, #6292624
Donovan Rose Nester, P.C.
201 South Illinois Street
Belleville, Illinois 62220
(618) 212-6500

ATTORNEY FOR PLAINTIFF ARTICON, LLC